**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JATINDER SINGH                                    CIVIL ACTION NO: 25-698

VERSUS                                            JUDGE

WESTCHESTER SURPLUS LINES              MAGISTRATE JUDGE
INSURANCE COMPANY

**NOTICE OF REMOVAL**

Defendant Westchester Surplus Lines Insurance Company ("Westchester") removes this action from the 21st Judicial District Court for the Parish of Tangipahoa to the United States District Court for the Eastern District of Louisiana, because this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a), 1441, and 1446. In support of removal, Westchester states as follows:

**BACKGROUND**

1.      On February 19, 2025, Plaintiff Jatinder Singh filed a Petition in the 21st Judicial District Court for the Parish of Tangipahoa. The state court action is captioned *Jatinder Singh v. Westchester Surplus Lines Insurance Company*, bearing Civil Action No. 20250000591, Division "A." A copy of the Petition, together with all other materials contained in the state court record, is attached hereto as Exhibit "A," as required by 28 U.S.C. § 1446(a) and 1447(b).

2.      Plaintiff named Westchester as a defendant in this action. *See* Exh. A, Pet. at 1, ¶ 2.

3.      The Petition generally alleges that Plaintiff owned "property located at 620 N. Morrison Blvd., Hammond, LA 70401"; that "at all relevant times, Westchester Surplus Line Insurance Company insured the subject property"; that "[o]n or about April 10, 2024, Plaintiff's property sustained damage caused by a storm"; that "[o]n or about September 4, 2024," Plaintiff employed Complete General Contractors, Inc., to draft a report regarding damages to the property

1

and provided such report to Westchester as proof of loss; and that "Defendant purposely and/or negligently failed to fairly and timely adjust the claim and pay the amount due Plaintiff within the applicable timeframe. . . ." *See generally id.*

4.     Plaintiff asserts that an insurance contract existed between Plaintiff and Defendant, and that by "purposely and/or negligently misrepresenting to Plaintiff the terms and conditions of the relevant Policy," "not conducting the investigation and claims handling within the Defendant's duty of good faith and fair dealings," and "failing to adequately compensate Plaintiff for damages to the Property, as required by the Policy, Defendant breached the insurance contract." *Id.*, Pet. at 4, ¶¶ 22-24

5.      Plaintiff also asserts that Defendant's failure to adequately compensate Plaintiff for the covered losses was "arbitrary, capricious, and without probable cause[,]" making "Defendant liable for statutory penalties for violations of the Defendant's duty of good faith and fair dealings. *Id.*, Pet at 4, ¶ 27.

6.     Plaintiff finally alleges that, "[a]s a result of Defendant's breaches of contract, violations of the Defendant's duty of good faith and fair dealings, and other bad acts," Plaintiff is entitled to "penalties delineated in La. R.S. §§ 22:1892 and 22:1973," as well as attorney's fees. *Id.*, Pet. at 6, ¶ 36.

7.     Westchester was served through the Louisiana Secretary of State on March 14, 2025. *See* Exh. A at 4. Accordingly, this notice of removal is timely under 28 U.S.C. § 1441(b)(1) (permitting removal within 30 days of service of the pleading).

8.     This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a) and 1441.

**DIVERSITY JURISDICTION**

9.     This Court has original subject matter jurisdiction over Plaintiff's claims pursuant

2

to 28 U.S.C. §§ 1332(a) and 1441 because (i) complete diversity exists between Plaintiff and Defendant, and (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     A natural person's citizenship is determined by the state in which he or she is domiciled. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.").

11.     Plaintiff Jatinder Singh is domiciled in Louisiana. *See* Exh. A, Pet. at 1, ¶ 1. Accordingly, he is a citizen of Louisiana.

12.     A corporation's citizenship is determined by its place of incorporation and the location of its principal place of business. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]").

13.     Defendant Westchester is a corporation formed under the laws of Georgia with its principal place of business in the Commonwealth of Pennsylvania. Therefore, Westchester is a citizen of Georgia and the Commonwealth of Pennsylvania.

### *The Amount In Controversy Exceeds $75,000*

14.     The Petition is silent as to the amount in controversy, as required by Louisiana law. *See* La. Code Civ. Proc. art. 893(a).  Therefore, Westchester as the removing party must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002).  A removing party may meet this burden by demonstrating that it is facially apparent from the Petition that the claims are likely to exceed $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount.  *Id.*; *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (same).

15. Here, the face of the Petition and certain other facts support the finding that the amount in controversy likely exceeds $75,000.

16. Although Plaintiff's Petition is vague and lacks specific factual allegations as to Defendant, it is clear that Plaintiff seeks to recover property coverage under an insurance policy issued that he claims "insured the subject property" "against perils." *See* Exh. A, Pet. at 2, ¶¶ 6-7.

17. Plaintiff's Petition also states that he "hired StopLoss Specialists, LLC to mitigate damages and draft an estimate/invoice of his mitigation damages[.]" *Id.*, Pet. at 2, ¶ 8. The StopLoss report estimated the subject property would require a "total roof replacement and interior remediation and repair," which would cost approximately $2,429,068.11. *See* Exh. B, StopLoss Initial-ROM at 2.

18. Further, Plaintiff hired "Professional Engineer, Paul Semmes, of Complete General Contractors, Inc, [sic] to conduct an inspection and draft report of his findings regarding damages to the property." *See* Exh. A, Pet. at 2, ¶ 10.

19. The report prepared by Paul Semmes concluded that the subject property's "commercial roof system was undoubtedly damaged by wind during the passing of a severe weather event which led to openings in the roof that allowed moisture in the system." *Id.*

20. Further, Plaintiff expressly seeks damages for "diminution of the value of the Property;" "[a]ctual repair costs;" "[l]ost/damaged contents;" "[l]ost rents;" "[m]ental anguish;" "[p]enalties delineated in La. R.S. §§ 22:1892 and 22:1973; and" "[a]ttorney's fees, other professional fees, and litigation costs associated with the bringing of this action." *Id.*, Pet. at 6, ¶ 36. Under La. R.S. § 22:1892(B)(1)(a), an insurer found to have arbitrarily and capriciously failed to make payment to an insured is subject to "a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due" as well as "any proven economic damages

4

sustained as a result of the breach, or one thousand dollars, whichever is greater . . . ."

21. Based on the Petition and the aforementioned facts, the amount in controversy is approximately $2,429,068.11, plus statutory penalties under § 22:1892(B)(1)(a), and attorneys' fees.

22. With complete diversity of citizenship between the parties and the amount in controversy exceeding $75,000, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). The action may therefore be removed to federal court under 28 U.S.C. § 1441(b).

## VENUE AND PROCEDURAL COMPLIANCE

23. The 21st Judicial District Court for the Parish of Tangipahoa is located within the United States District Court for the Eastern District of Louisiana. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a) and 28 U.S.C. § 98(c).

24. In addition, pursuant to 28 U.S.C. § 1446(a), Westchester has also attached a copy of all process, pleadings, and orders served on it as of the date of this filing. *See generally* Exh. A.

25. A notice of removal may be filed within 30 days of a defendant's receipt, "through service or otherwise, of a copy of the initial pleading setting forth the claim such action or proceeding is based . . . ." 28 U.S.C § 1446(b)(1). Westchester received a copy of the initial pleading through its statutory agent on March 14, 2025. *See*, Exh. A, at 4. Therefore, this removal is timely under 28 U.S.C. § 1446(b)(1).

26. As required by 28 U.S.C. § 1446(d), Westchester will promptly file written notice of this removal in the 21st Judicial District Court for the Parish of Tangipahoa and serve Plaintiff.

27. Westchester does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in these proceedings.

28. If any question arises as to the propriety of this removal, Westchester requests the opportunity to present further briefing and argument in support of removal, or to conduct limited

discovery into jurisdictional issues, if necessary.

## CONCLUSION

Westchester hereby removes this lawsuit to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and all other applicable laws and rules.

Respectfully submitted,

*s/ Hannah M. Zundel-Davis*
John W. Joyce, 27525
Laurence D. LeSueur, Jr., 35206
Hannah M. Zundel-Davis, 41464
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile:  (504) 589-9701
jjoyce@barrassousdin.com
llesueur@barrassousdin.com
hzundel-davis@barrassousdin.com

*Attorneys for Westchester Surplus Lines
Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel on April 10, 2025.

*s/ Hannah M. Zundel-Davis*