**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JATINDER SINGH, GURBAKSH SINGH, AND AMANDEEP KAUR** | §<br>§<br>§<br>§ | **CIVIL ACTION NO.   2:25-CV-00698** |
| *Plaintiffs* | §<br>§ | **JUDGE: JANE TRICHE MILAZZO** |
| **VERSUS** | §<br>§ | |
| **WESTCHESTER SURPLUS LINES INSURANCE COMPANY** | §<br>§<br>§ | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| *Defendant* | | |

**PLAINTIFFS' WITNESS AND EXHIBIT LIST**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Jatinder Singh, Gurbaksh Singh and Amandeep Kaur, who pursuant to this Honorable Court's January 21, 2026 Order (R. Doc. 15), respectfully submit the following list of witnesses who may or will be called to testify at trial, and exhibits which may or will be introduced at trial.

**I.   WITNESS LIST**

The following witnesses may or will be called to testify in the trial of this matter:

1. Plaintiff, Jatinder Singh: Fact witness and Plaintiff with knowledge concerning the April 10, 2024, weather event (the "Incident"), damages resulting from the Incident, his claim regarding the Incident ("Plaintiff's claim"), the condition of 620 N. Morrison Blvd., Hammond, Louisiana (the "Property") before and after the Incident, and any matter relevant to Plaintiff's claim.

2. Plaintiff, Amandeep Kaur: Fact witness and Plaintiff with knowledge concerning the April 10, 2024, weather event (the "Incident"), damages resulting from the Incident, her claim regarding the Incident ("Plaintiff's claim"), the condition of 620 N. Morrison Blvd., Hammond, Louisiana (the "Property") before and after the Incident, and any matter relevant to Plaintiff's claim.

3. Plaintiff, Gurbaksh Singh: Fact witness and Plaintiff with knowledge concerning the April 10, 2024, weather event (the "Incident"), damages resulting from the Incident, his claim regarding the Incident ("Plaintiff's claim"), the condition of 620 N. Morrison Blvd., Hammond, Louisiana (the "Property") before and after the Incident, and any matter relevant to Plaintiff's claim.

1

4. Employee(s) and/or Representative(s) of American Construction – can testify regarding completed replacement of flooring and painting on the interior of property in 2022 and any matter employee(s) and/or representative(s) of American Construction have knowledge of which is relevant to Plaintiffs' claim.

5. Contractor Larry Reneau – can testify regarding completed roof repairs in 2022 and any matter he has knowledge of which is relevant to Plaintiffs' claim.

6. Contractor Juan Orsoto – can testify regarding completed air conditioning repairs in 2022 and any matter he has knowledge of which is relevant to Plaintiffs' claim.

7. Employee(s) and/or Representative(s) of Contractor Comfort Plus – can testify regarding completed air conditioning repairs in 2022 and any matter employee(s) and/or representative(s) of Comfort Plus have knowledge of which is relevant to Plaintiffs' claim.

8. Employee(s) and/or Representative(s) of Stop Loss Specialists, LLC – can testify regarding completed water and mold mitigation following the claimed loss event and any matter employee(s) and/or representative(s) of Stop Loss have knowledge of which is relevant to Plaintiff's claim.

9. Paul Semmes, Complete General Contractors, Inc. – Paul Semmes is expected to testify regarding his investigation of 620 N. Morrison Blvd., Hammond, Louisiana, 70401, regarding his opinions as to topics in his expert report, including but not limited to, those related to engineering and to the cause of the damage to Plaintiffs' property. Mr. Semmes may also respond to and rebut the opinions offered by defendant's experts. Mr. Semmes inspected 620 N. Morrison Blvd., Hammond, Louisiana, 70401, reviewed reports, estimates, and photographs of the premises at issue and prepared a detailed report of the damage reflecting his observations regarding the scope of damage and costs of repairs. Mr. Semmes will testify that his inspection did reveal wind damage to the roof of the property, resulting in a storm created opening and subsequent damage to the interior of the building. His opinions will be based on, among other things, his investigation, his analysis of the materials provided to him, communications with other experts and witnesses, industry practices, literature, articles and/or other materials he has reviewed concerning or relating to the damages, and his education, experience, skill, and training.

10. Donald Kimberlin, Dupont Claim Services, LLC – Donald Kimberlin is expected to testify regarding his investigation of 620 N. Morrison Blvd., Hammond, Louisiana, 70401, regarding his opinions as to the cost of repairs to Plaintiffs' property, including those in his detailed estimate and expert report provided to Defendant and produced during discovery. Mr. Kimberlin may also respond to and rebut the opinions offered by defendant's experts. Mr. Kimberlin inspected 620 N. Morrison Blvd., Hammond, Louisiana, 70401, reviewed reports, estimates, and photographs of the premises at issue and prepared a detailed estimate of the damage and expert report reflecting his observations regarding the scope of damage and costs of repairs, which have already

2

been produced to Defendant.  Mr. Kimberlin will testify that his inspection did reveal wind damage to the roof of the property, resulting in a storm created opening and subsequent damage to the interior of the building.  His opinions will be based on, among other things, his investigation, his analysis of the materials provided to him, communications with other experts and witnesses, industry practices, literature, articles and/or other materials he has reviewed concerning or relating to the damages, and his education, experience, skill, and training.

11. Employee(s)/Representative(s) of Defendant, Westchester Surplus Lines Insurance Company, including but not limited to, the following:

   1. Aaron Horn;
   2. Mike Meagher;
   3. John Dunn; and
   4. William Moran.

12. Representative(s)/Employee(s) of any contractor(s) who performed work on the Property to fix damages caused by the April 10, 2024, weather event (the "Incident"): Contractor(s) who can testify, including but not limited to, work performed and costs for work performed to fix damages caused by the Incident.

13. Any other individual and/or employee/representative of any entity or individual that inspected the Property.

14. Any other witnesses who can testify, including but not limited to, Plaintiffs' property damages caused by the Incident, the condition of the Property before and/or after the Incident, repairs made to the Property before and/or after the Incident, and/or Plaintiffs' damages caused by the Incident.

15. Any individual/witness disclosed in Rule 26 disclosures.

16. Any expert(s) retained by Plaintiffs.

17. Any witness listed, identified or called by any other party.

18. Any witness whose testimony may be necessary to authenticate any exhibit or record, including but not limited to, any records custodians.

19. Any witness called for rebuttal or impeachment purposes.

20. Any witness whose identity is uncovered during discovery, who possesses information salient to Plaintiffs' claim.

Plaintiffs reserve the right to supplement this witness list.

II.    **<u>EXHIBIT LIST</u>**

The following exhibits may or will be introduced in the trial of this matter:

1.  Any and all estimates and/or photo reports performed on behalf of Defendant, Westchester Surplus Lines Insurance Company.

2.  September 4, 2024 Complete General Contractors, Inc.'s (Paul Semmes) Conditions Assessment Report and attachments therein.

3.  Dupont Claim Services, LLC's (Donald Kimberlin) Expert Causation, Damage Assessment & Repair Estimate Review Report and attachments therein.

4.  Any and all documents produced by Stop Loss Specialists, LLC, including but not limited to, estimates, photo reports and/or invoices.

5.  Any and all estimates, reports and/or photo reports performed on behalf of Plaintiffs relevant to this matter.

6.  Any and all insurance policies, policy declarations, and/or claim information/claim file/claim documents/correspondence relevant to this matter.

7.  Any and all photographs and/or videos regarding the Incident.

8.  Any and all payments made by Defendant for the Incident.

9.  Any and all invoices and/or receipts for repairs made to the Property for damages caused by the Incident and/or relevant to this matter.

10. Any and all pleadings filed in this matter.

11. Any and all discovery responses of any party and attachments of discovery responses of any party.

12. Any and all depositions taken in this matter and exhibits attached thereto.

13. Any and all written and/or recorded statements by any individual(s) concerning the Incident.

14. Any and all correspondence/emails/disclosures received from Defendant concerning the Incident.

15. Any expert reports of experts retained by Plaintiffs.

16. Any document obtained through the claims process.

17. Any document obtained through discovery.

18. Any and all exhibits listed or identified by any other party to this litigation.

19. Any and all evidence necessary to rebut or impeach documents or testimony put into evidence by any other party.

20. Any documents obtained by subpoena issued in this matter.

21. Any and all documents produced or discovered during discovery salient to Plaintiffs' claim.

22. Any and all documents discovered subsequent to this submission salient to Plaintiffs' claim.

Plaintiffs reserve the right to supplement this exhibit list.

RESPECTFULLY SUBMITTED:

/s/ Donald D. Reichert, Jr.
**Donald D. Reichert, Jr. (33328)**
don@g-glawgroup.com
Michael Giardina (39192)
Godbey Giardina Law Group, LLC.
(985) 590-4650
1381 Fremaux Ave.
Slidell, Louisiana 70458

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April, 2026, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Donald D. Reichert, Jr.
Donald D. Reichert, Jr.